United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUNO IRON & MANUFACTURING, INC., Plaintiff, v. THE LINCOLN ELECTRIC COMPANY, et al., Defendants. | Case No. 26-cv-06790-EKL **ORDER GRANTING MOTION TO TRANSFER VENUE** Re: Dkt. No. 10 |

This case arises from Plaintiff Nuño Iron & Manufacturing, Inc.'s ("Nuño" or "Plaintiff") purchase of welding equipment from Defendants The Lincoln Electric Company ("Lincoln") and Zeman Bauelemente Produktionsgesellschaft, mbH ("Zeman") (collectively, "Defendants"). Specifically, Plaintiff alleges that Defendants marketed and sold to Plaintiff a Single Rail 760 automated welding system that did not perform as represented; Plaintiff brings contract, warranty, and misrepresentation claims. Defendants removed this action from the Superior Court of California, Monterey County, ECF No. 1, and now seeks to transfer the case to the Northern District of Ohio pursuant to 28 U.S.C. § 1404(a).[1] Mot. to Transfer, ECF No. 10.

Having carefully reviewed the parties' briefs and the relevant legal authority, the Court determined that this motion is suitable for disposition without oral argument and vacates the motion hearing. Civil L.R. 7-1(b). For the following reasons, Defendants' motion to transfer is GRANTED.

[1] Plaintiff is a California corporation based in King City, California. ECF No. 1 ¶ 12. Lincoln is an Ohio corporation headquartered in Cleveland, Ohio, and Zeman is headquartered in Scheifling, Austria. *Id.* ¶¶ 13-14; ECF No. 9 ¶¶ 3-4.

The Court begins by determining whether a valid forum-selection clause applies to this case. *See Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 62 n.5 (2013). A valid forum-selection clause should be "given controlling weight in all but the most exceptional cases." *Id.* at 63 (citation modified). When there is a valid clause, "no weight" is given to the plaintiff's choice of forum and the Court does "not consider arguments about the parties' private interests," including the convenience of the parties and witnesses. *Id.* at 63-64. In fact, the Court "must deem all factors relating to the private interests of the parties . . . as weighing 'entirely in favor of the preselected forum[,] [and] [w]hile a court may consider factors relating to the public interest . . . , those factors will rarely defeat a transfer motion."[2] *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1087-88 (9th Cir. 2018) (citations omitted).

The Court applies federal law when interpreting the effect and scope of a forum-selection clause. *See id.* at 1086; *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 512-13 (9th Cir. 1988). When "interpreting a forum-selection clause under federal law, [courts] look for guidance to general principles for interpreting contracts." *Yei A. Sun*, 901 F.3d at 1086 (citation modified).

Here, Defendants rely on a forum-selection clause in the Lincoln Electric Automation, Inc. Terms and Conditions of Sale ("T&Cs"), whose applicability to this case is undisputed. *See* Gangl Decl., Ex. B at 9, ECF No. 10-4. Specifically, paragraph 27 of the T&Cs states in relevant part:

> **27. Disputes and Governing Law**. In the event of any controversy, claim or dispute arising out of or relating to this Agreement (a "Dispute"), Seller and Buyer shall seek to resolve the matter amicably through diligent, good faith, mutual discussions to be initiated as promptly as possible after a Dispute arises. If the Dispute cannot be resolved through mutual discussions as set forth above, either party may commence an action to resolve the Dispute in the Federal or State courts of Ohio. The parties shall submit to personal jurisdiction and venue in the State of Ohio, County of Cuyahoga.

[2] Ninth Circuit courts typically consider the following factors when determining whether transfer would promote the convenience of the parties and witnesses and the interests of justice: "(1) plaintiff['s] choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum." *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009); *see also Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). The first four factors relate to the private interests of the parties.

*Id.* Defendants focus on the language of "***shall submit*** to personal jurisdiction and venue" to argue that Ohio is the preselected and exclusive venue. Reply at 1-3, ECF No. 26 (emphasis added). In contrast, Plaintiff contends that the word "may" in the phrase "either party ***may*** commence an action to resolve the Dispute in the Federal or State courts of Ohio," being permissive, signifies that the parties never bound themselves to litigate exclusively in Ohio. Opp. at 3-4, ECF No. 24 (emphasis added).

The Court interprets the forum-selection clause as mandating exclusive venue in the State of Ohio, County of Cuyahoga. To determine whether a forum-selection clause is mandatory, courts look for language indicating exclusivity, which can be effected through the word "shall." *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987) ("[I]n cases in which forum selection clauses have been held to require litigation in a particular court, the language of the clauses clearly required *exclusive* jurisdiction."); *Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989) (finding the clause "[v]enue of any action brought hereunder shall be deemed to be in . . . Virginia" contained "mandatory language" which "makes clear that venue, the place of suit, lies exclusively in the designated county").

The clause at issue indicates exclusivity by its plain language. *See Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009) ("Contract terms are to be given their ordinary meaning, and when the terms of a contract are clear, the intent of the parties must be ascertained from the contract itself." (citing *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999))). Here, the term "may" refers to a party's option to bring a lawsuit should informal, good faith discussions fail to resolve the dispute. The same sentence then directs the filing party to initiate its action in a Cuyahoga County, Ohio, court. The following sentence confirms this construction by instructing that the parties "shall submit to . . . venue in the State of Ohio, County of Cuyahoga." As used in this sentence, "shall submit" means that the contractual venue is exclusive. *See Almanza v. General Constr. Servs., Inc.*, No. 1:19-cv-03580, 2021 WL 2823228, at *2 (D. Colo. Jan. 29, 2021) ("Courts have found that language mirroring the 'shall submit any dispute' language and 'for any dispute . . . the parties shall submit to the jurisdiction and venue of the District Court located in Arapahoe County' seen here renders forum-selection

clauses mandatory. The parties agreed that they would submit disputes only to the specified courts, not that they were merely permitted to.").

Having found that the forum-selection clause is mandatory, the Court next considers whether "extraordinary circumstances unrelated to the convenience of the parties" exist such that transfer should be denied. *Atl. Marine*, 571 U.S. at 62; *see also Clark-Alonso v. Sw. Airlines Co.*, 440 F. Supp. 3d 1089, 1093 (N.D. Cal. 2020) (If a court "determines that a dispute is covered by a forum-selection clause, the [c]ourt should enforce the forum-selection clause 'unless enforcement is shown by the resisting party to be "unreasonable" under the circumstances.'" (citations omitted)). In conducting this inquiry, the Court weighs the following four public interest factors: "(5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum." *Vu*, 602 F. Supp. 2d at 1156.

The Court does not find any "extraordinary circumstances" exist here. First, a California court is no more competent than an Ohio court to apply the law. Plaintiff asserts in a conclusory fashion that "California law will apply." Opp. at 5, ECF No. 24. Defendants contend that Austrian or Ohio law applies but concede that "federal courts have an equal ability to address claims arising out of state law." Mot. at 7, ECF No. 10 (citing *Vuori v. Grasshopper Cap. LLC*, 2018 WL 1014633, at *21 (N.D. Cal. Feb. 22, 2018)). Plaintiff has made no showing that maintaining the action in this district is preferable when considering the governing law, and the Court is not convinced that California law would apply. Second, consolidation is not implicated. Third, the two forums' interests are evenly matched: California has a conceivable interest in protecting a California corporation (Nuño) from damage caused by foreigner businesses, Opp. at 6-7, while Ohio has a potential interest in governing the quality of equipment manufactured within its borders, Mot. at 8. Finally, the court congestion factor weighs slightly in favor of transfer in light of the statistics Defendants cite. Mot. at 8. But "[r]elative court congestion is at best, a minor factor in the section 1404 calculus." *Schultz v. Harry S. Truman Scholarship Found.*, No. 20-CV-04058-MMC, 2022 WL 3691663, at *4 (N.D. Cal. Aug. 25, 2022) (citation omitted). On balance, the public interest factors are neutral, with, at most, a slight lean toward transfer.

United States District Court
Northern District of California

Accordingly, Plaintiff has not carried its burden to overcome the parties' contractual venue selection. *Atl. Marine*, 571 U.S. at 63 ("[A]s the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted.").

Because the Court finds that the forum-selection clause in Lincoln's T&Cs contains mandatory language indicating that the parties intended venue selection to be exclusive, and that Plaintiff does not present extraordinary circumstances to deny enforcement of the forum-selection clause, transfer is compelled. For the foregoing reasons, the motion to transfer is GRANTED. The Clerk is instructed to transfer this case to the Northern District of Ohio.

**IT IS SO ORDERED.**

Dated: November 4, 2026



Eumi K. Lee
United States District Judge